**In re The MAIN LINE CORPORATION, Debtor.**

No. 05–30162–BKC–PGH.

United States Bankruptcy Court, S.D. Florida.

Dec. 9, 2005.

---

6. At the time of trial the McClungs had separated.

Grace E. Robinson, Ft. Lauderdale, FL, for Debtor.

Steven M. Davis, Coral Gables, FL, for Jackson County.

### ORDER SUSTAINING JACKSON COUNTY BOARD OF SUPERVISORS' OBJECTION TO THE SEPARATE CLASSIFICATION OF ITS CLAIM UNDER DEBTOR'S PLAN OF REORGANIZATION

PAUL G. HYMAN, Bankruptcy Judge.

THIS MATTER came before the Court upon the Main Line Corporation's ("Debtor") Disclosure Statement (the "Disclosure Statement") and Chapter 11 Plan of Reorganization (the "Plan"), Jackson County Board of Supervisors ("Jackson County") and Walter Clough's Objection to the Disclosure Statement and the Plan (the "Objection") and Motion to Dismiss or Convert to Chapter 7. At the conclusion of the November 18, 2005 hearing on the Disclosure Statement, the Court directed Debtor and Jackson County to file memoranda of law addressing the classification of Jackson County's claim. The Court, having considered the Disclosure Statement, the

Plan, the Objection, the memoranda of law filed by the parties, applicable law and being otherwise fully advised in the premises, hereby SUSTAINS the Objection as to the classification of Jackson County's claim.

### BACKGROUND

Debtor provides document management and imaging systems for governmental entities responsible for processing official records. On December 18, 1995, Debtor entered into a contract with Jackson County whereby Debtor would provide Jackson County with a records management system. On January 16, 2001, Jackson County commenced an action against Debtor in the Circuit Court of Jackson, Mississippi, alleging breach of contract, professional liability and fraud against Debtor (the "Jackson County Litigation"). A jury verdict was rendered in the Jackson County Litigation, resulting in the entry of a judgment on November 16, 2004, wherein Jackson County was awarded $2,020,000.00 in damages (the "Jackson County Judgment"). Debtor disputes the validity and extent of the Jackson County Judgment and has filed post-trial motions seeking relief from the Jackson County Judgment.

On January 13, 2005, Debtor filed a voluntary petition under Chapter 11 of the Bankruptcy Code. On February 22, 2005, based upon the Jackson County Judgment, Jackson County filed its proof of claim as an unsecured nonpriority claim and no objection was filed as to its claim. On July 12, 2005, Debtor filed the Disclosure Statement and the Plan. The Plan classifies Jackson County's claim in Class 5 separate from the other claims of general unsecured creditors who are classified in Class 4. The Class 4 general unsecured creditors receive the same treatment under the Plan as Jackson County with the exception that any distribution to Jackson County shall be withheld in a disputed claim reserve until the validity and extent of Jackson County's claim is adjudicated.

In the Objection, Jackson County argues that Debtor has offered no legitimate business reasons to separate the unsecured creditors of Class 4 and Jackson County. Jackson County contends that the separate classification of Jackson County from the other claims of general unsecured creditors is designed to manipulate class voting.

In Debtor's memorandum of law, Debtor claims that all of Debtor's general unsecured creditors, other than Jackson County, are trade vendors with whom Debtor desires to continue a working relationship after confirmation of the Plan. Debtor asserts that these trade creditors have noncreditor interests in the viability of the reorganized Debtor, whereas Jackson County has no interest in Debtor's continued viability. Therefore, Debtor argues that it has a legitimate business reason for separately classifying Jackson County from the other general unsecured creditors.

### CONCLUSIONS OF LAW

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and 28 U.S.C. § 157(b)(2)(A),(L) and (O).

▮▮▮ Debtor seeks to separately classify Jackson County's claim from the Class 4 general unsecured creditors. 11 U.S.C. § 1122 governs the classification of claims and interests under a reorganization plan and provides:

(a) Except as provided in subsection (b) of this section, a plan may place a claim or an interest in a particular class only if such claim or interest is substantially similar to the other claims or interests of such class.

(b) A plan may designate a separate class of claims consisting only of every

unsecured claim that is less than or reduced to an amount that the court approves as reasonable and necessary for administrative convenience.

While the statute itself deals only with the requirement that dissimilar claims may not be classified together, courts have uniformly held that it also prohibits separate classification of similar claims unless supported by legitimate business reasons. *In re SunCruz Casinos, LLC,* 298 B.R. 833, 837 (Bankr.S.D.Fla.2003) (citations omitted). One clear rule that emerges from § 1122 claims classification caselaw is "thou shalt not classify similar claims differently in order to gerrymander an affirmative vote on a reorganization plan." *Phoenix Mut. Life Ins. Co. v. Greystone III Joint Venture (Matter of Greystone III Joint Venture),* 995 F.2d 1274, 1279 (5th Cir.1991).

██ Although the proponent of a plan of reorganization has considerable discretion to classify claims and interests according to the facts and circumstances of the case, this discretion is not unlimited. *Sun-Cruz Casinos, LLC,* 298 B.R. at 838 (*citing Olympia & York Florida Equity Corp. v. Bank of New York (In re Holywell Corp.),* 913 F.2d 873, 880 (11th Cir.1990)) "There must be some limit on a debtor's power to classify creditors ... The potential for abuse would be significant otherwise." *Id.* If the plan unfairly creates too many or too few classes, if the classifications are designed to manipulate class voting, or if the classification scheme violates basic priority rights, the plan cannot be confirmed. *Id.* Furthermore, Courts have found that where all unsecured claims receive the same treatment in terms of the plan distribution, separate classification of unsecured claims is highly suspect. *See, e.g., Travelers Ins. Co. v. Bryson Properties, XVIII (In re Bryson Properties, XVIII),* 961 F.2d 496, 502 (4th Cir.1992); *In re Deep River Warehouse,* 2005 WL 2319201, at *7 (Bankr.M.D.N.C. Sept. 22, 2005).

██ Debtor primarily relies upon the case of *In re Premiere Network Services, Inc.,* 333 B.R. 130 (Bankr.N.D.Tex.2005) in support of its argument that there is a legitimate business reason for separately classifying Jackson County from the Class 4 general unsecured creditors. *In Premiere Network,* a competitor of the debtor, who was a local telephone company, originally filed a proof of claim as a secured claims and subsequently filed an amended claim as an unsecured claim. *Id.* at 131. The debtor's plan classified the competitor's claim as an allowed secured claim, separate from all other claims. *Id.* at 132–33. The debtor filed a motion to compel classification of the competitor's claim as a secured claim. *Id.* at 131. The Bankruptcy Court held that the competitor's claim must be separately classified under § 1122(a) because the competitor had legally different rights against the debtor. *Id.* at 135. First, the competitor had a claim that may be subject to setoff under § 506(a). *Id.* at 134–35. Second, the Bankruptcy Court found that the debtor had a good business reason for such classification. *Id.* The evidence showed that the competitor had a different stake in the future viability of the debtor because the creditor directly competes with the debtor and will likely compete with the successor to the debtor under the plan. *Id.* The creditor would benefit from rejection of the plan and failure of the debtor's reorganization because competition would decrease. *Id.* There was also no evidence presented that the debtor's motivation for separately classifying the competitor's claim was to gerrymander classes to obtain an affirmative vote. *Id.* at 135. Consequently, the Court granted the debtor's proposed classification. *Id.*

In this case, Jackson County is not a competitor of Debtor as was the creditor in *Premiere* and several of the creditors included in Class 4 are not trade vendors but law firms seeking legal fees. The Court finds that Jackson County does not have a different stake in the future viability of Debtor from the Class 4 general unsecured creditors. Additionally, under the Plan, Jackson County receives the same treatment in terms of the Plan distribution as the Class 4 general unsecured creditors, which suggests that Debtor's motive in separately classifying Jackson County from Class 4 is to gerrymander the vote on the Plan. As a result, the Court finds that Debtor does not have a legitimate business reason to separately classify Jackson County from the Class 4 general unsecured creditors.

### *ORDER*

Having reviewed the submissions of the parties, applicable law, and being otherwise fully advised in the premises, it is hereby:

**ORDERED AND ADJUDGED** that:

1. The Objection is **SUSTAINED** and Jackson County's claim shall be included in Class 4.